STATE OF OKLAHOMA *v.* STATE OF TEXAS,

UNITED STATES, INTERVENER.

IN EQUITY.

No. 27, Original. Motion for leave to intervene and to submit motion for injunction and receiver submitted March 29, 1920. Order entered . April 1, 1920.

*Order granting injunction and appointing receiver.*

This cause coming on to be heard on the motion of the United States for leave to intervene herein for an injunction and for the appointment of a receiver, and on the responses made to such motion by the State of Oklahoma and the State of Texas, respectively, and the court being fully advised in the premises,

It is now considered, ordered and decreed as follows, until the further order of the court:

1. That said motion for leave to intervene herein be, and the same is hereby, granted.

2. The defendant, the State of Texas, her officers and agents, are hereby enjoined from selling any purported rights or making or issuing any grants, licenses or permits to any person, corporation or association covering or affecting any lands, or any part of the bed of Red River, lying north of the line of the south bank of such river as said south bank existed at the date of the ratification of the Treaty of 1819 between the United States and Spain, that is to say, on the twenty-second day of February, 1821, and between the One Hundredth degree of West Longitude and the southeastern corner of the State of Oklahoma.

3. Jacob M. Dickinson, Esquire, of Chicago, Illinois,

is hereby appointed receiver of all the lands described in paragraph two of the said intervener's motion, to wit:

Bounded on the north by the mid channel of the Red River, as the mid channel is hereinafter defined; on the east by extension south of the west boundary line of Range 10 West between Township 4 South, Range 10 West, and Township 4 South, Range 11 West, in Cotton County, Oklahoma, crossing the remaining portion of said Red River and to the foot of the Texas·bluffs as the South bank,—Thence up said River along the foot of the Texas bluffs as the South bank, through Ranges 11, 12, 13, and through Range 14 as follows: Commencing at a point on the east boundary line of Range 14 extended which point is 116.50 chains from the original meander corner of fractional Section 31, Township 4 South, Range 13 West and Section 36, Township 4 South, Range 14 West; thence

N. 79° 00' W. 26.75 chs.
N. 71° 15' W. 33.00 "
N. 75° 15' W. 28.25 "
N. 85° 30' W. 22.60 "
S. 85° 15' W. 52.20 "
S. 85° 30' W. 8.90 "
N. 82° 00' W. 21.40 "
S. 82° 15' W. 11.50 "
S. 71° 30' W. 66.70 "
S. 69° 00' W. 59.25 "

to a point on the present south bank of the Red River which is at the foot of the Texas bluff; thence along the line of the south bank and the foot of the Texas bluff

S. 64° 30' W. 36.00 chs.
S. 64° 00' W. 20.40 "
S. 51° 30' W. 44.60 "
S. 65° 45' W. 24.20 "
S. 71° 15' W. 54.70 "

to a point on the present south bank of Red River at the foot of the Texas bluff at the intersection of a direct south extension of the west boundary of Range 14 West between fractional Section 7, Township 5 South, Range 14 West, and Section 12, Township 5 South, Range 15, which point is 57.43 chains from the original meander corner of said fractional sections.—

Thence continuing up said River along the foot of the Texas bluffs as the south bank, through Ranges 15 and 16 to the intersection of the west boundary line of Range 16 extended to the foot of the Texas bluffs.—

Thence north along said boundary line of Range 16 to mid channel of said River as the same meanders through the broad stretch of sand which in some places extends to and is bounded by the bluffs on either side and in other places by the margin of the alluvial flood plain on either side, and which is covered with water at times of freshets and entirely devoid of flowing water during the annual dry seasons,—and of all machinery, fixtures, tools and other property of whatever kind or character now on said lands and used in connection with the extraction, storage, transportation, refining or disposal of the oil or gas products of said lands.  And the said receiver is hereby authorized and empowered to take possession of said lands and property forthwith, to take all appropriate measures to conserve the oil and gas within such lands and to control all operations thereon for the production and disposal of such oil and gas.

4. Within thirty days after taking possession the receiver shall formulate and report to this court full and complete plans for prospecting such lands and developing and producing the oil and gas within the same; and until such report is made and acted upon by the court the receiver shall operate the existing oil and gas wells on said lands, or permit them to be operated by their respective claimants under his direction and supervision, or

close down said wells if he shall deem it advisable to do so; and he shall sell at market prices the oil and gas so produced and pay out of the proceeds the necessary expenses of operation and supervision. Full and accurate accounts shall be kept by the receiver of all oil and gas so produced and of the proceeds derived from their sale and the expenses paid therefrom; and these accounts shall be kept in such way that they will show separately the production, proceeds and expenses pertaining to each well so that the net proceeds may be ultimately awarded to the rightful claimant.

5. Before entering upon his duties the receiver shall execute a bond to be approved by the court in the sum of One Hundred Thousand Dollars for the faithful performance of his duties including the disbursement and payment according to the court's direction of all moneys which may come into his hands in the course of the receivership.

6. The receiver shall receive such compensation for his services as may be fixed hereafter by the court.

7. The defendant, the State of Texas, and the complainant, the State of Oklahoma, and their respective officers, agents and employees, and all persons now in possession of any of the said lands or claiming any right, title or interest therein, are directed to deliver possession thereof to the said receiver and are enjoined until the further order of this court from removing any of the property hereinbefore described from said lands and from conducting any oil or gas mining operations thereon save under the direction and supervision of the receiver and from interfering with the possession, control or operations of the receiver.

8. As to such of the land before described as is not claimed by the defendant, the State of Texas, in its proprietary capacity said State shall have fifteen days within which to file a response to the intervener's motion for an

injunction and receiver; and on the filing of such response the State of Texas or any claimant claiming under a patent lease or permit from that State shall be at liberty to request any modification of this order deemed essential or appropriate for the right or full protection of the interest of such State or claimant.

9. Either the plaintiff, the State of Oklahoma, or the intervener, the United States, may by an amendment of its pleading make any claimant claiming under the State of Texas or any other claimant a party to the cause and have the requisite process issued and served, so that all parties claiming an interest in the subject-matter may be before the court. And the like permission is granted to the State of Texas in respect of parties claiming under the State of Oklahoma or the United States.